SEYFARTH SHAW LLP
Christian J. Rowley (CA SB 187239)
crowley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 544-1001
Facsimile:    (415) 839-9001

SEYFARTH SHAW LLP
Pamela Q. Devata (pro hac vice pending)
pdevata@seyfarth.com
131 South Dearborn St, Suite 2400
Chicago, Illinois  60603
Telephone: (312) 460-5882
Facsimile: (312) 460-7882

Attorneys for Defendant
WHOLE FOODS MARKET CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAYAS GEZAHEGNE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WHOLE FOODS MARKET CALIFORNIA, INC., a California Corporation, and DOES 1 THROUGH 100,<br><br>　　　　　　Defendants. | Case No. 4:14-CV-00592-DMR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

## I.　　NATURE OF ACTION

**COMPLAINT ¶1:**

　　Plaintiff brings this action on behalf of himself, and as a nationwide class action on behalf of all individuals who executed online authorization forms permitting Defendant to obtain a consumer report as part of the employment application process at any time from January 28, 2009 until the present (the "Class Period"), challenging Defendant's uniform policy to obtain

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT - CASE NO. 4:14-CV-00592-DMR

consumer reports on the basis of legally invalid authorization form that contained language constituting a waiver of claims against those who obtain the consumer reports. Specifically, Defendant's use of authorization form containing a liability waiver constitutes a willful violation of the Fair Credit Reporting Act's requirement that the authorization forms be set forth in a document that "consists solely of the disclosure", and its inclusion in Defendant's forms not only invalidates the forms but also triggers statutory damages in the amount of up to $1,000 for each individual for whom Defendant obtained a consumer report without a facially valid authorization, as well as punitive damages, and attorneys' fees and costs, all of which is sought now by Plaintiff and the members of the Class.

**ANSWER:**

Defendant admits Plaintiff purports to bring a claim on behalf of himself and others, but denies class-wide treatment is appropriate or that it engaged in any violation of the law or wrongdoing whatsoever.

## II.   JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Subject matter jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. §1681p of the Fair Credit Reporting Act, codified at 15 U.S.C. §1681 et seq. (hereinafter "FCRA"), because this case involves federal FCRA claims and thus arises under the laws of the United States.

**ANSWER:**

Defendant admits the allegations in paragraph 2, but denies it engaged in any violation of the law or wrongdoing whatsoever.

**COMPLAINT ¶3:**

Defendant is within the personal jurisdiction of this Court. Defendant transacts business throughout the United States, including in the State of California. Thus, Defendant has obtained the benefits of the laws of the United States and the State of California and is subject to personal

2
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT - CASE NO. 4:14-CV-00592-DMR

jurisdiction by this court.  Plaintiff is a citizen of the state of California and therefore subject to personal jurisdiction in this court.

**ANSWER:**

Defendant denies that it transacts business throughout the United States, but otherwise admits the allegations in paragraph 3, although Defendant denies it engaged in any violation of the law or wrongdoing whatsoever.

**COMPLAINT ¶4:**

Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims, as well as the course of conduct charged herein, occurred in Alameda County within this District and this Division.

**ANSWER:**

Defendant admits the allegations in paragraph 4, but denies it engaged in any violation of the law or wrongdoing whatsoever.

### III.   THE PARTIES

**COMPLAINT ¶5:**

Plaintiff, who at all relevant times referenced herein, resided in California, is a former employee of Defendant.  In or around April 7, 2011, in connection with Plaintiff's application for employment with Defendant, Plaintiff executed an online FCRA authorization form that purported to allow Defendant to obtain consumer reports on him.

**ANSWER:**

Defendant admits Plaintiff is a former employee of Defendant and at one point completed an online application as well as other documents including an authorization for Defendant to request a consumer report about him.  Defendant denies the remaining allegations contained in paragraph 5.

**COMPLAINT ¶6:**

Upon information and belief, Defendant is a Corporation doing business in California and throughout the United States by operating numerous locations throughout the State of California

and the United States. Its headquarters and principal place of business is located in 550 Bowie Street, Austin, Texas 78703. Defendant obtained consumer reports on Plaintiff and similarly situated persons without having obtained facially valid FCRA authorization forms.

**ANSWER:**

Defendant admits that it conducts business in Northern California but denies that it conducts business in Southern California or throughout the United States. Defendant is a California corporation with its principal business offices located at 5980 Horton Street, Suite 200, Emeryville, California 94608. Defendant denies any and all remaining allegations contained in paragraph 6.

**COMPLAINT ¶7:**

Throughout the Class Period, Defendant employed consumer reports on thousands of applicants and employees in violation of the FCRA without paying them statutory or punitive damages for Defendant's violations.

**ANSWER:**

Defendant denies the allegations in paragraph 7.

### IV.   CLASS ACTION ALLEGATIONS

**COMPLAINT ¶8:**

Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. Rule 23(b)(3) on behalf of a class consisting of:

**All individuals who executed online authorization forms permitting Defendant to obtain a consumer report as part of an employment application at any time from February 7, 2009 until the present (the "Class Period"),**

**ANSWER:**

Defendant admits Plaintiff purports to bring this case as a class action pursuant to Fed. R. Civ. Rule 23(b)(3), but denies that it engaged in any violation of the law or wrongdoing whatsoever.

**COMPLAINT ¶9:**

Numerosity.  There are thousands of individuals in the Class.  Given Defendant's systemic failure to comply with the FCRA, the members of the Class are so numerous that joinder of all members is impractical.

**ANSWER:**

Defendant denies the allegations in paragraph 9.

**COMPLAINT ¶10:**

Typicality.  Plaintiff's claims are typical of the claims of the members of the Class, because all class members executed authorization forms permitting Defendant to obtain a consumer report as part of their employment application process that were facially invalid due to their inclusion of a liability waiver within the authorization forms.

**ANSWER:**

Defendant denies the allegations in paragraph 10.

**COMPLAINT ¶11:**

Adequacy of Representation.  Plaintiff will fairly and adequately represent the interests of the Class.  Plaintiff has no conflict of interest with any member of the Class.  Plaintiff has retained counsel competent and experienced in complex class action litigation with sufficient financial resources to litigate this case through class certification and trial.

**ANSWER:**

Defendant denies the allegations in paragraph 11.

**COMPLAINT ¶12:**

Predominance of Common Issues.  Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to Plaintiff and the Class are:

   a.   Whether Defendant's online FCRA authorization forms executed by Plaintiff and the Class were facially invalid by virtue of their inclusion of language constituting a release of claims such that the authorization forms no longer constituted a "document that consists solely of the disclosure", as required by Section 1681b (b)(2)(A) of the FCRA;

      b.      Whether Defendants violated Section 168 lb (b)(2)(A) of the FCRA by including language constituting a release of claims as part of its online FCRA authorization forms;

      c.      Whether Defendant willfully violated the FCRA thereby triggering statutory damages to Plaintiff and the members of the Class as set forth in Section 168 ln(a) of the FCRA;

      d.      Whether Plaintiff and the members of the Class are entitled to statutory damages under Section 168 ln(a) of the FCRA and, if so, the amount and calculation of such statutory damages; and

      e.      Whether Plaintiff and other class members are entitled to recover punitive damages under Section 168 ln(a)(2) of the FCRA and, if so, the amount and calculation of such punitive damages.

**ANSWER:**

Defendant denies the allegations in paragraph 12.

**COMPLAINT ¶13:**

Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Class members are readily identifiable from Defendant's employment applicant and other records.

**ANSWER:**

Defendant denies the allegations in paragraph 13.

**COMPLAINT ¶14:**

Defendant's actions are generally applicable to the entire Class.  Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

**ANSWER:**

Defendant denies the allegations in paragraph 14.

**COMPLAINT ¶15:**

Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the statutory damage amount at stake for each class member— from $100 to $1,000 for each Class member — while substantial in the aggregate, is not sufficient to enable Class members to maintain separate individual suits against Defendant.

**ANSWER:**

Defendant denies the allegations in paragraph 15.

### V.   FACTUAL ALLEGATIONS

**COMPLAINT ¶16:**

Plaintiff repeats and re-alleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

**ANSWER:**

Defendant restates its answers to the allegations in Paragraphs 1 through 15 of the Complaint as though set forth fully herein.

**COMPLAINT ¶17:**

Throughout the Class Period, in connection with his and their online applications for employment, Plaintiff and all of the members of the putative Class executed an online authorization form purportedly authorizing Defendant to obtain consumer reports pertaining to them, including criminal background checks, credit checks and other similar reports.

**ANSWER:**

Defendant admits Plaintiff completed online paperwork as part of the application process. Defendant denies the remaining allegations contained in paragraph 17.

**COMPLAINT ¶18:**

The online authorization forms all contained language releasing those who obtained the consumer reports from all liability, in violation of the FCRA's requirement that the authorizations be pristine documents that contain nothing other than the required disclosures and

7

the requested authorization. In other words, Defendant's authorizations forms were facially invalid.

**ANSWER:**

Defendant admits some documents that were completed by plaintiff contained release of liability language. Defendant denies the remaining allegation contained in paragraph 18.

**COMPLAINT ¶19:**

On or about April 7, 2011, Plaintiff submitted an online job application. On the page titled "Consent," Plaintiff electronically initialed next to Paragraph 2 which stated:

"I hereby authorize Whole Foods Market to thoroughly investigate my references, work record, education and other matters related to my suitability for employment and, further, authorize the references I have listed to disclose to the company any and all letters, reports, and other information related to my work records, without giving me prior notice of such disclosure. In addition, I hereby release the company, my former employers and all other persons, corporations, partnerships and associations from any and all claims, demands or liabilities arising out of or in any way related to such investigation or disclosure."

In addition to Paragraph 2, the page marked "Consent" contains several other paragraphs which certify that the applicant has not knowingly withheld any information that might adversely affect his chances for employment; acknowledges that the application for employment does not create an employment contract; informs the applicant that should a search of public records be conducted, the applicant is entitled to copies of any such public records; and the applicant waives the receipt of a copy of any public record described in the previous paragraph.

Plaintiff electronically initialed the final Paragraph (6), which states "I have read and understand the Candidates Rights under the fair (sic) Credit Reporting Act (View/Print Candidates Rights under the FRCA (sic)Now)."

Plaintiff electronically initialed the bottom of the entire page and the computer stamped it with the date "4/7/2011."

1  **ANSWER:**

2  Defendant admits that on or about April 7, 2011, Plaintiff completed online documents in
3  connection with his application for employment including a document that contained the
4  language in paragraph 19, but denies that it engaged in any violation of the law or wrongdoing
5  whatsoever.

6  **COMPLAINT ¶20:**

7  On information and belief, Plaintiff then came in for an informal personal interview on
8  April 27, 2011 where Plaintiff was told he was hired and should report on May 12, 2011 for his
9  first day of work.

10 **ANSWER:**

11 Defendant admits the allegations in paragraph 20.

12 **COMPLAINT ¶21:**

13 Defendant's internal document "Interview Steps/Pre-Hire Checklist" is a form that is
14 attached to the Applicant's Interview Guide.  Each section contains the various steps which must
15 be completed in a particular order that Defendant requires which take an applicant from phone
16 screening through the applicant's hiring.

17 Section 1 of the checklist "Before the Interview" contains the tasks to be completed
18 during a telephone screening.  One of the bulleted points directs Defendant's screener to "Ask
19 the applicant to review and sign the application."  Another bulleted line expects Defendant's
20 screener to verify the applicant's Name, Address and Social Security Number."  Since the
21 telephone screener had yet to meet the applicant, the reference to signing the application and
22 verifying the Social Security Number can only refer to the online job application and the
23 company's preparation to already begin requesting a credit check on the job applicant.

24 According to Defendant's checklist, Plaintiff completed the in-person interview on April
25 27, 2011.  In Section 5 titled "Social Security Verification and Background Check (PBS
26 process)," there is a box checked off where Defendant's management indicated it had
27 "Completed Lexis Nexis background check...Date background check completed 5/4/11."  At the
28 bottom of the checklist, it is signed by three of Defendant's management, one of which signed

1 above the words "PBS Signature," presumably the signature reflects Defendant's manager who
2 performed the credit report verification.

**ANSWER:**

Defendant admits that it conducted an in person interview with Plaintiff on April 27, 2011 and thereafter completed a background check on Plaintiff which was completed on May 4, 2011. Defendant denies the remaining allegations in paragraph 21.

**COMPLAINT ¶22:**

On May 12, 2011, Plaintiff arrived for his first day of work where Defendant provided Plaintiff with a form titled "Disclosure To Employment Applicant Regarding Procurement Of A Consumer Report." This form is compliant with the requirements of the FRCA (sic). The "Disclosure To Employment Applicant Regarding Procurement Of A Consumer Report" states:

> "In connection with your application for employment, we may procure a consumer report on you from Lexis Nexis Screening Solutions as part of the process of considering your candidacy as an employee. In the event the at that information from the report is utilized in whole or in part in making an adverse decision, we will provide you with a copy of the consumer report and a description in writing of your rights under the federal Fair Credit Reporting Act...
> By your signature below, you hereby authorize us to obtain a consumer report about you in order to consider you for employment." Plaintiff signed this disclosure in his own hand, but was unable to fill in the date it was signed. Incredulously, this legal document lacks a space for an applicant to write in the date. Furthermore, the document "Disclosure To Employment Applicant Regarding Procurement Of A Consumer Report" which was signed on May 12, 2011 could not cure the invalid online FCRA disclosure/authorization form Plaintiff signed on April 7, 2011 since Defendant's own records indicate that Defendant acted under the belief it had already fulfilled the requirements under FCRA and as a result Defendant performed a credit check on Plaintiff on May 4, 2011.

**ANSWER:**

Defendant admits that plaintiff signed a legally compliant FCRA disclosure, but denies that it was signed on May 12 or after a background check was requested. Defendant denies the remaining allegations in paragraph 22.

**COMPLAINT ¶23:**

Despite having no valid FCRA disclosure/authorization forms on file for Plaintiff and the members of the Class, Defendant nevertheless obtained thousands of consumer reports throughout the Class Period on Plaintiff and the members of the Class in clear violation of the FCRA.

**ANSWER:**

Defendant denies the allegations in paragraph 23.

**COMPLAINT ¶24:**

Defendant's obtaining consumer reports without having facially valid authorization/disclosure forms constitutes a willful violation of the FCRA, triggering Defendant's obligation to pay statutory and punitive damages to Plaintiff and the members of the Class under the FCRA and applicable law.

**ANSWER:**

Defendant denies the allegations in paragraph 24.

### VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**OBTAINING CONSUMER REPORTS WITHOUT HAVING FACIALLY VALID AUTHORIZATIONS ON FILE IN VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**[15 U.S.C. § 1681b (b)(2)(A); 15 U.S.C. §1681n(a)]**

**COMPLAINT ¶25:**

Plaintiff re-alleges and incorporates by reference the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

**ANSWER:**

Defendant restates its answers to the allegations in Paragraphs 1 through 24 of the Complaint as though set forth fully herein.

**COMPLAINT ¶26:**

Pursuant to the FCRA, consumer reports may be issued for "employment purposes," 15 U.S.C. § 1681b(a)(3)(B), including the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." *Id.* at §1681a(h).

**ANSWER:**

Complaint paragraph 26 contains legal conclusions for which no answer is required.

**COMPLAINT ¶27:**

The FCRA requires that, *prior* to procuring a consumer report on an applicant for employment, an employer must: (1) provide a clear and conspicuous disclosure to each application in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A) Section 1681(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure".

**ANSWER:**

Complaint Paragraph 27 contains a legal conclusion of which no response is required. To the extent an answer is required, Defendant denies that it violated the FCRA or engaged in any wrongdoing whatsoever.

**COMPLAINT ¶28:**

Specifically, Section 168 lb(b)(2)(A) provides, in relevant part:

> a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-
>
> (i) *a clear and conspicuous disclosure has* been made to the consumer at the time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes.; and

1             (ii)     the consumer has authorized in writing ... the procurement of the report to that person." 15 U.S.C. § 168lb (b)(2)(A) (emphasis added).

**ANSWER:**

Defendant admits paragraph 28 accurately recites a portion of Section 1681b (b)(2)(A), but denies that it violated the FCRA or engaged in any wrongdoing whatsoever.

**COMPLAINT ¶29:**

In the instant case, Defendant required Plaintiff to sign two separate forms; one through the computer as part of the online job application which is invalid since it included a waiver of claims in its authorization form that were executed by applicants for employment nationwide throughout the Class Period; the second form, which is a legal disclosure, was only signed by Plaintiff *after* the credit report investigation was already performed.

**ANSWER:**

Defendant denies the allegations in paragraph 29.

**COMPLAINT ¶30:**

Defendant's inclusion of a waiver provision in its authorization forms executed by applicants facially contravenes the FCRA's requirement that a "clear and conspicuous" disclosure appear "*in a document that consists solely of the disclosure*."  15 U.S.C. §1681(b)(2)(A)(i) (emphasis added).

**ANSWER:**

Complaint Paragraph 30 contains a legal conclusion of which no response is required.  To the extent an answer is required, Defendant denies that it violated the FCRA or engaged in any wrongdoing whatsoever.

**COMPLAINT ¶31:**

As a matter of law, the inclusion of language constituting a release of claims invalidates the authorization form for purposes of the FCRA.  See *Reardon v. ClosetMaid Corporation*, No. 2:08-CV-01730, 2013 U.S. Dist. LEXIS 169821 (W.D.Pa. Dec. 2, 2013) (granting partial summary judgment to plaintiff on plaintiff's section 1681b(b)(2)(a) claim, noting that "Closet maid's inclusion of a release provision in the Authorization Form ... facially violates section

1681b(b)(2(A)(i)" because "the Authorization form simply does not comply with the FCRA's express requirement that the disclosure appear in a document that consists solely of a disclosure (or, at most, a disclosure and authorization only."); *Singleton v. Domino's Pizza*, No. 11-1823, 2-12 W.L. 245965, *9 (D.Md. Jan. 25, 2012) (denying employer's motion to dismiss plaintiff's section 1681b(b)(2)(a) claim, finding that "both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document"); see also, Letter from William Haynes, Attorney, Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the FCRA); Letter from Cynthia Lamb, Investigator, Div. of Credit Practices, Fed. Trade Comm'n to Richard Steer, Jones Hirsh Connors & Bull, P.C. (Oct. 21, 1997), 1997 W.L. 33791227 (F.T.C.) (although disclosure form may include authorization itself, nothing else should be included in the disclosure form).

**ANSWER:**

Complaint Paragraph 31 contains a legal conclusion of which no response is required. To the extent an answer is required, Defendant denies that it violated the FCRA or engaged in any wrongdoing whatsoever.

**COMPLAINT ¶32:**

The FCRA permits a plaintiff to recover actual, statutory and/or punitive damages, along with attorneys' fees, in cases of willful noncompliance. See 15 U.S.C. §1681n(a)(1)-(3). A defendant acts willfully under the FCRA by either knowingly or recklessly disregarding its statutory duty. Safeco Ins. Co. v. Burr, 551 U.S. 47, 57-60 (2007).

**ANSWER:**

Complaint Paragraph 32 contains a legal conclusion of which no response is required. To the extent an answer is required, Defendant denies that it violated the FCRA or engaged in any wrongdoing whatsoever.

**COMPLAINT ¶33:**

Here, because the FCRA itself and the FTC's applicable guidance are all clear and unambiguous that language constituting a release of claims cannot be included in FCRA authorization forms, Defendant's inclusion of a liability waiver in its authorization forms constitutes a willful violation of the FCRA's disclosure requirement, as a matter of law, triggering statutory damages. *Reardon v. ClosetMaid Corporation*, No. 2:08-CV-01730, 2013 U.S. Dist. LEXIS 169821 (W.D.Pa. Dec. 2, 2013).

**ANSWER:**

Defendant denies the allegations in paragraph 33.

**COMPLAINT ¶34:**

Pursuant to 15 U.S.C. §1681n(a)(1)(A) and *Reardon*, Plaintiff and the members of the Class are each entitled to recover statutory damages of "not less than $100 and not more than $1,000";

**ANSWER:**

Defendant denies the allegations in paragraph 34.

**COMPLAINT ¶35:**

Pursuant to 15 U.S.C. §1681n(a)(2), Plaintiff and the members of the Class are also entitled to recover punitive damages as the court may allow.

**ANSWER:**

Defendant denies the allegations in paragraph 35.

**COMPLAINT ¶36:**

Pursuant to 15 U.S.C. §1681n(a)(3), if Plaintiff and the members of the Class prevail, they are also entitled to recover costs of suit with reasonable attorneys' fees, as determined by the court.

**ANSWER:**

Complaint Paragraph 36 contains a legal conclusion of which no response is required. To the extent an answer is required, Defendant denies that it violated the FCRA or engaged in any wrongdoing whatsoever.

## VII. DEMAND FOR JURY TRIAL

**COMPLAINT ¶37:**

Plaintiff hereby demands trial by jury on his individual and class-wide claims stated herein against Defendant.

**ANSWER:**

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint and further states that class treatment is inappropriate in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to plead any additional affirmative or other defenses as they become known or available during the pendency of this action.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims and/or the putative class members' claims are barred in whole or in part to the extent they occurred and/or accrued outside the applicable statutes of limitations.

## THIRD DEFENSE

To the extent that Plaintiff and/or putative class members have failed to mitigate their alleged damages, Plaintiff's and/or the putative class members' claims for relief are barred.

## FOURTH DEFENSE

Plaintiff's and/or the putative class members' claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH DEFENSE**

Any damages sustained by Plaintiff and/or putative class members were not proximately caused by Defendant.

**SIXTH DEFENSE**

Defendant followed reasonable procedures to assure maximum possible accuracy of any information prepared concerning or relating to Plaintiff and/or putative class members, and otherwise made good faith efforts to comply with the FCRA.

**SEVENTH DEFENSE**

Plaintiff and/or putative class members are not entitled to punitive damages because Defendant made good faith efforts to comply with the FCRA.

**EIGHTH DEFENSE**

Defendant did not employ many members of the putative class as described in the Complaint.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant any such relief as the Court deems just and proper.

DATED: March 21, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By:     /s/ Christian J. Rowley
       Christian J. Rowley

Attorneys for Defendant
WHOLE FOODS MARKET CALIFORNIA, INC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On March 20, 2014, I served the within document(s):

**DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT**

☐ I sent such document from facsimile machines (415) 839-9001 on March 20, 2014.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Craig J. Ackermann, Esq. | Michael Malk, Esq. |
| Ackermann & Tilajef, P.C. | Michael Malk, Esq., APC |
| 1180 S. Beverly Drive, Suite 610 | 1180 S. Beverly Drive, Suite 610 |
| Los Angeles, CA  90035 | Los Angeles, CA  90035 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2014, at San Francisco, California.

Kathy J. Truesdale